IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-02358-WYD-BNB

RAYMOND BONANNO;
ANTHONY BONANNO;
ROBERT PETER;
RAJAN DESAI;
NESHA DESAI a/k/a NISHA BHANSALI;
ELISA WHITEHALL;
DAJIT PARMAR;
MANJIT PARMAR;
IRVING BROTHMAN;
BINITA PATEL; and
HEMLATTA PATEL, individually and on behalf of others similarly situated,

     Plaintiffs,

v.

THE QUIZNOS MASTER LLC;
THE QUIZNOS CORPORATION;
THE QUIZNOS FRANCHISE COMPANY LLC;
S&S COMPANY;
QUIZNOS FRANCHISE REALTY COMPANY;
QUIZNOS FRANCHISE LICENSING COMPANY;
QFA ROYALTIES LLC;
PETER ARGOW;
JAMES COZINE;
MICHAEL GORDON;
KEVIN BEDNOWSKI; and
ROBERT TOBIAS,

     Defendants.

**ORDER**

I.    INTRODUCTION

     THIS MATTER comes before the Court on Plaintiffs' Motion for Approval of the

Form of Notice to be Sent to the Putative Class and for an Order Compelling Defendant to Provide a List of all Current and Terminated Franchisees in the State of New Jersey and to Pay for the Mailing and Reproduction Costs [# 58], filed March 2, 2007.  The Defendants filed their response to Plaintiffs' motion on March 8, 2007.  On March 14, 2007, the Court held a hearing on the motion and heard argument from both parties.  The parties filed supplemental information as ordered by the Court.  Accordingly, after carefully considering the pleadings, arguments, and supplemental materials in the above-captioned case, I find that Plaintiff's motion should be granted in part and denied in part.

II.     BACKGROUND

On February 16, 2006, this case was initially filed in New Jersey State Court.  On March 24, 2006, the Defendants removed this action to the United States District Court for the District of New Jersey on the basis of federal diversity jurisdiction pursuant to the Class Action Fairness Act of 2005 and 28 U.S.C. § 1453.  On November 17, 2006, Judge Cavanaugh of the District of New Jersey, denied Defendants' motion to dismiss and transferred the case to this Court pursuant to the forum selection clause in the franchise agreement.

By way of background, this case was brought on behalf of New Jersey Quiznos franchisees who believed the franchise agreement allowed them a reasonable amount of time to open a Quiznos restaurant.  Each Plaintiff alleges that he has waited to open a store "in excess of several months and/or years beyond the time represented by Quiznos that it would take to open a store." (Pl.s' Mot. at 4.)  Further, the Plaintiffs

allege that Quiznos has sent letters to "eliminate certain putative class members by seeking Releases from franchisees that may or may not have legal counsel." (Pl.s' Mot. at 4.) Plaintiffs allege that Quiznos' letter "threatens the legal rights and remedies of putative class members." (Pl.s' Mot. at 4.) This action has yet to be certified as a class action.

III.   ANALYSIS

   A.   Plaintiffs' Argument

In their motion, Plaintiffs request that: (1) the Court approve the contents of a notice to be sent to putative class members (*See* Ex. B, Plaintiffs' Notice); (2) Quiznos be required to pay the costs of providing the notice to putative class members; and (3) Quiznos be required to provide Plaintiffs with a list of current and terminated franchisees in New Jersey between January 1, 2001, and the present that have not opened a Quiznos store within three days of the order of the Court.

The Plaintiffs state that certain potential class members have received letters from Quiznos that include release information. Specifically, Plaintiffs' counsel declared that once franchisees respond to Quiznos' initial letter, Quiznos sends the franchisees a "release . . . used by Quiznos to grant an extension of time for a franchisee to find a location if they have been unable to find a location in the 12 month time period mandated by the franchise agreement." (Klein Declaration at 3.) Further, the Plaintiffs argue that despite the pendency of this action, Quiznos has improperly contacted potential class members directly and not through counsel.

As a result of these communications, the Plaintiffs argue that former and current

Quiznos franchisees should receive notice of their rights and remedies as putative class members. Further, the Plaintiffs seek the Court's approval before the notice is sent. The Plaintiffs state that the proposed notice "will level the playing field in terms of communications to putative class members." (Pl.s' Mot. at 5.) Plaintiffs go on to state that "[n]o putative class member should be induced to sign any Release presented to them by Quiznos unless they are first adequately informed of their rights and remedies." (Pl.s' Mot. at 5.) Plaintiff cites Fed. R. Civ. P. 23 (d)(2) for support. The rule reads:

> . . . the court may make appropriate orders . . . (2) requiring, for the protections of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair, and adequate, to intervene and present claims or defenses, or otherwise to come into the action . . . .

Fed. R. Civ. P. 23(d)(2).

Plaintiffs also argue that the content of their proposed notice complies with the standards set forth by the Supreme Court in *Gulf Oil v. Bernard*, 452 U.S. 89 (1981) and *Ralph Oldsmobile, Inc. v. General Motors Corp.*, 2001 WL 1035132 (S.D.N.Y. 2001). Moreover, the notice is accurate and "says no more than is necessary to level the playing field in response to Quiznos' improper communication . . . ." (Pl.s' Mot. at 10.) Plaintiffs' proposed notice reads as follows:

> You have been identified as a person who is a current or former Quiznos franchisee during the time period January 1, 2001, to the date hereof. As such, Quiznos may have

>already asked you, or may in the future ask you, to sign a Termination Agreement and Mutual Release ("Release"). It is important that you (1) fully understand what it is you are giving up and/or are getting in return for the Release; and, (2) you are certain the Release is fair to you. You should, therefore, consider consulting with a lawyer before signing any Release submitted to you by Quiznos.
>
>The undersigned lawyers represent several former Quiznos franchisees in several cases pending in court and before the American Arbitration Association. At least one (1) of these cases seeks approval to proceed as a class action on behalf of New Jersey Quiznos franchisees. No class action has yet been approved. The class action case in which the undersigned are counsel concern allegations of deceptive business practices by Quiznos towards its franchisees and others. These cases could have an impact upon your rights and remedies under the law including your ability to recover monies from Quiznos.
>
>One of the undersigned lawyers, Justin M. Klein, is available to speak with you. No legal fee will be charged for this consultation. All communications between you and any of the undersigned lawyers will be kept strictly confidential. You do not need to contact any of these undersigned lawyers. You may contact some other lawyer or no lawyer at all.

(Ex. B.)

    B.    <u>Defendants' Argument</u>

The Defendants, on the other hand, state that the letter they sent "is a communication that was sent nationwide to 344 franchisees in approximately 30 states which fall within this group." (Def.s' Resp. at 2.) The purpose of the letter "is to offer options to franchisees that are in breach of their obligations under their franchise agreement. Each franchisee is asked to clarify their intent and . . . is offered the opportunity to obtain an extension of time to meet their previously breached

obligations." (Def.s' Resp. at 3.)  The letters were sent to franchisees across the country and the Defendants admit that letters were erroneously sent to potential Plaintiffs in this action, not Plaintiffs' counsel.  The Defendants further state that only 29 letters were sent to franchisees located in New Jersey.  (Def.s' Opp. at 5.)  Of the 29 New Jersey Letters, Quiznos has only received five responses of any kind.  *Id.*

C.  Analysis

Under Fed. R. Civ. P. 23(d), a court is authorized, in appropriate circumstances, to regulate communication between a party and members of a class or putative class.  *Gulf Oil v. Bernard*, 452 U.S. 89 (1981).  Acknowledging the possibility of abuses in class action litigation, but seeking to avoid infringing on the parties' rights, the Supreme Court has held that an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties.  This order should be carefully drawn and limit speech as little as possible.  *Id.* at 101-102.

Further, [a]lthough *Gulf Oil* concerned communications between counsel for the named plaintiff and potential class members, its principle has been found to apply to communications between a defendant and potential class members as well.  *See Bublitz v. E.I. DuPont de Nemours & Co.*, 196 F.R.D. 545, 547 (S.D. Iowa 2000); *Abdallah v. Coca-Cola Co.*, 186 F.R.D. 672, 675 n. 1 (N.D. Ga. 1999).  Moreover, a court's power to restrict communications between parties and potential class members applies even before a class is certified.  *In re School Asbestos Litigation*, 842 F.2d 671,

680 (3rd. Cir. 1988).

I find that based on the evidence before me, there are instances of possible interference in Quiznos' communications with the potential putative class members (persons in New Jersey who signed a Quiznos franchise agreement, between 2001 and the present, who did not secure a location and commence operations within the time allotted under the franchise agreement).  Specifically, Defendants admitted both at the hearing and in their pleadings that they contacted 29 New Jersey franchisees with a letter asking the franchisee to clarify his or her intent regarding opening a Quiznos restaurant and offering an extension of time or a termination in exchange for a release. Further, after this action was filed, the Defendants improperly contacted these potential plaintiffs directly instead of contacting Plaintiffs' counsel.  Therefore, I find that Quiznos' communications with the 29 potential members of the putative class warrant action under Fed. R. Civ. P. 23.  To prevent and correct any potential interference by the least restrictive means necessary, I find that Plaintiffs' proposed notice is approved and may be sent to those 29 New Jersey franchisees who were sent the Quiznos' letter.  Accordingly, it is

ORDERED that Plaintiffs' Motion for Approval of the Form of Notice to be Sent to the Putative Class and for an Order Compelling Defendant to Provide a List of all Current and Terminated Franchisees in the State of New Jersey and to Pay for the Mailing and Reproduction Costs [# 58] is **GRANTED IN PART** in that Plaintiffs' proposed notice is approved.  However, only 29 notices may be sent to the potential class members (New Jersey franchisees) who received Quiznos' letter.  It is

FURTHER ORDERED that Plaintiffs' Motion is **DENIED IN PART** in that Defendants are not required to provide Plaintiffs with a list of current and terminated franchisees in New Jersey between January 1, 2001, and the present that have not opened a Quiznos store within three days of the order of the Court.  However, Quiznos is required to provide the names and addresses of the 29 New Jersey franchisees who were sent the initial letter.  It is

FURTHER ORDERED that the Defendants shall bear the cost for sending out the 29 notices.  It is

FURTHER ORDERED that the Defendants shall provide advance notice to Plaintiffs' counsel of any further communications between the Defendants and potential class members.

Dated:  April 10, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge