IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-02358-WYD-KLM

RAYMOND BONANNO,
ANTHONY BONANNO,
ROBERT PETER,
RAJAN DESAI,
NISHA DESAI a/k/a NISHA BHANSALI,
ELISA WHITEHALL,
DALJIT PARMAR,
MANJIT PARMAR,
RICHARD VARRATO,
MEGAN MAKKI,
BARTON KLATT,
JOANNE KJOLSEN,
KRISTI LEWIS,
ALI NAQVI,
ANDRZEJ SLIWOWSKI,
MUKAND MALHI and
PREETINDER MALHI,

                Plaintiffs,

vs.

THE QUIZNO'S FRANCHISE COMPANY LLC,
QUIZNO'S FRANCHISING LLC,
QUIZNO'S FRANCHISING II LLC,
QFA ROYALTIES LLC,
TQSC LLC,
RICHARD E. SCHADEN,
RICHARD F. SCHADEN,

                Defendants.

## STIPULATION AND PROTECTIVE ORDER

Plaintiffs, Raymond Bonanno, Anthony Bonanno, Robert Peter, Rajan Desai, Nisha Desai a/k/a/ Nisha Bhansali, Elisa Whitehall, Daljit Parmar, Manjit Parmar, Richard Varrato,

Megan Makki, Barton Klatt, Joanne Kjolsen, Kristi Lewis, Ali Naqvi, Andrzej Sliwowski, Mukand Malhi and Preetinder Malhi (collectively "Plaintiffs"), and Defendants, The Quizno's Franchise Company LLC, Quizno's Franchising LLC, Quizno's Franchising II LLC, QFA Royalties LLC, TQSC LLC, Richard E. Schaden and Richard F. Schaden (collectively "Defendants"), by and through their undersigned counsel, hereby stipulate to entry of the following Protective Order ("the Order").

## ORDER

Unless otherwise ordered by this Court, this Order shall be binding and enforceable against Plaintiffs and Defendants (collectively "the Parties" or individually a "Party"), their respective agents, representatives, and attorneys, and any Third Parties (including their respective agents, representatives, and attorneys) who: (i) invoke the protection afforded by this Order by written transmittal to all Parties; and (ii) set forth their agreement to be bound by the rights and obligations provided by this Order through their execution and filing of a Certification in the form attached hereto as Exhibit A. Any Third Party invoking the protection of this Order must comply with these obligations in order to obtain the benefit of the protections afforded hereunder. *KLM*

1. **Purpose of Order**. During the course of the litigation captioned above (the "Litigation"), the Parties may seek or obtain through discovery certain information or documents (in whatever format stored or maintained) that may be deemed confidential or proprietary to one or more Parties or Third Parties. In entering into this Order, the Parties intend to protect certain confidential or proprietary information and to protect against public dissemination of such information.

2. "Third Parties," as used in this Protective Order, means anyone other than the Parties, their agents, representatives and attorneys. *KLM*

33668-0102/LEGAL13832159.2

2. **Confidential Information**. Any confidential or proprietary information, including, without limitation, (a) documents or other tangible things produced by a Third Party pursuant to subpoena; (b) documents or other tangible things produced by a Party; (c) interrogatory answers; (d) witness testimony; (e) responses to requests for admissions; or (f) any other documents or information relating to what a Party or Third Party believes in good faith to contain confidential or proprietary information shall be deemed and treated as confidential and shall be utilized only for the proper prosecution or defense of the Litigation in accordance with this Order. Such confidential or proprietary information or documents includes, without limitation: a Party's or Third-Party's confidential systems, processes, finances, pricing, business strategies, business plans, internal training materials, marketing plans, or other protected information or material regarding business operations and plans and related matters (collectively "Confidential Information"). Any Party or Third Party invoking the protection of this Order shall mark or otherwise identify all such Confidential Information as "CONFIDENTIAL" prior to production or disclosure in the Litigation.

3. **Protocol for Designation (Written Materials)**. Any Party or Third Party invoking the protection of this Order may designate as "CONFIDENTIAL" specific documents or other written Confidential Information by labeling the Confidential Information "CONFIDENTIAL." The designation shall be consistent with paragraph 2 above.

4. **Protocol for Designation (Testimony)**. Any Party or Third Party invoking the protection of this Order may also designate an entire deposition transcript, or any portion thereof, as "CONFIDENTIAL" consistent with paragraph 2 above, by advising the court reporter and counsel of such designation at the time the testimony is provided.

5. **Use of Non-Confidential Information.** Any documents or other information produced or disclosed in the Litigation that are not designated "CONFIDENTIAL" need not be treated as confidential and are not restricted in their use by the recipient. The failure of a Party or Third Party invoking the protection of this Order to designate information as "CONFIDENTIAL" at the time of production shall not constitute a waiver of the right to protect the information under the terms of this Order. Disclosure or use by the receiving Party of "CONFIDENTIAL" documents or information shall not constitute a violation of this Order if the producing Party failed to so designate the confidential documents or information at the time of production. In the event the producing Party later designates in writing such information "CONFIDENTIAL," the receiving Party agrees to thereafter abide by the terms of this Order.

6. **Challenge to Designation.** Each Party reserves the right to challenge any designation of information as "CONFIDENTIAL" and may seek such a determination from the Court with respect to such designation. The party designating documents or information as "CONFIDENTIAL" shall bear the burden of proof with respect to any such documents or information. If a Party elects to challenge a designation of "CONFIDENTIAL" it shall provide the disclosing Party or Third Party with ten (10) calendar days advance written notice of their intent to file a motion seeking to challenge the designation. The disclosing Party or Third Party shall have an opportunity to voluntarily remove such designation during the ten (10) day period. In the event the disclosing Party or Third Party fails to remove the designation, the Party challenging the designation shall be entitled to file a motion with the Court seeking to have the designation removed. Pending a resolution of the motion (which shall be filed under seal to the

extent required by this Order), the confidentiality of such information shall remain protected until the Court orders otherwise.

7. **Legal Effect of Confidentiality Designation.** No designation of information or documents as "CONFIDENTIAL" by any Party or Third Party shall be deemed an admission by the receiving Party that such documents or information are "CONFIDENTIAL". Further, no Party or Third Party shall be restricted in any way from using or revealing to its employees, representatives and attorneys (or agents, consultants and experts of the attorneys), as it deems appropriate, its own information identified for purposes of this Litigation as "CONFIDENTIAL."

8. **Standard for Designation.** In compliance with this Order, all Parties and Third Parties invoking the protection of this Order shall act in good faith and consistent with general business practices in designating documents and information as "CONFIDENTIAL." In no event, however, may any documents or information be designated as "CONFIDENTIAL" if the Confidential Information: (a) is, or becomes, public knowledge, as shown by publicly available writings or otherwise; (b) is properly acquired by a receiving Party or from any person lawfully possessing such information and having no obligation to the owner of the information; or (c) was lawfully possessed without restriction by a receiving Party prior to the opening of discovery in this proceeding.

9. **Designation of Documents Produced by the Opposing Party or a Third Party.** If a Party or Third Party produces documents or information without a "CONFIDENTIAL" designation which a receiving Party believes should have been designated "CONFIDENTIAL," said Party may serve written notice to all parties that the documents or information shall be

designated "CONFIDENTIAL". A Party may thereafter challenge the designation in accordance with paragraph 6, above.

10. **Proper Use**. Any Confidential Information designated as "CONFIDENTIAL" shall be used by the receiving Party solely for purposes of this Litigation, and for no other purpose other than those specifically provided for in this Order. The Parties shall not reveal or disclose any Confidential Information designated by another Party or Third Party as "CONFIDENTIAL" (or permit the same to be disclosed) other than as follows:

> i. To the Court and court officials involved in this Litigation, including court reporters, persons operating video recording equipment, court clerks, and any special master appointed by the Court;
>
> ii. To counsel for the Parties invoking the protection of this Order (including in-house counsel, co-counsel and local counsel) and employees of such counsel who are working on this Litigation;
>
> iii. To Parties or officers and employees of Parties to the Litigation who are assisting counsel in the prosecution or defense of this case or who are requested or anticipated to provide testimony in this action;
>
> iv. To experts, consultants, and other persons especially retained by attorneys for one or more Parties to this Litigation to assist in the preparation of the case for trial or to provide testimony who are not regular employees of the Parties to this Litigation, and only if such persons have a need to use some or all of the Confidential Information designated "CONFIDENTIAL" subject to each such person executing a Certification in the form attached hereto as "Exhibit A"; and
>
> v. To such other persons as hereafter may be designated by written agreement of the Parties involved or designated by the Court in the interests of justice.

11. **Request for Permission to Disclose.** If a Party desires to reveal all or part of the Confidential Information designated by another Party or Third Party as "CONFIDENTIAL" to any person not included in paragraph 9 above, the Party shall request approval from the

disclosing Party or Third Party prior to the desired disclosure. Such request shall be in writing and shall specify the grounds for the request for such exception, including the identity of the person(s) to whom the "CONFIDENTIAL" information is intended to be disclosed. In the event the disclosing Party or Third Party refuses permission, the Party or Third Party seeking permission may file a motion with the Court for any order it deems just. Until the issue is resolved by the Court, the "CONFIDENTIAL" information at issue shall not be disclosed to any person not included in paragraphs 9 above. In the event the disclosing Party, Third Party or the Court grants permission for such disclosure, each person to whom the "CONFIDENTIAL" information is intended to be disclosed must execute a Certification in the form attached hereto as "Exhibit A."

12. **Retention of Confidential Information**. Except as otherwise provided for in this Order, all Confidential Information designated "CONFIDENTIAL" shall remain in the possession and control of counsel for the respective Parties receiving such information. At the conclusion of this Litigation, by settlement, final judgment, or otherwise (including any and all appeals), each Party shall destroy or return to the disclosing Party or Third Party all Confidential Information (including all copies, summaries or notes of such documents) marked "CONFIDENTIAL" that were received from the disclosing Party or Third Party in the course of this Litigation within forty-five (45) days. All notes, memoranda, summaries, or other documents referring, describing, or relating to the documents, testimony, information, or other materials designated as "CONFIDENTIAL" shall be destroyed and counsel for the receiving Party shall furnish a written certification that all materials designated as "CONFIDENTIAL" or have been returned and/or destroyed.

13. **Court Filings.** In the event that any Party in the Litigation decides to file with, or submit to, the Court any documents or written discovery responses designated "CONFIDENTIAL", that Party shall confer with the designating party no later than 24 hours before said filing and advise of that intent. In all such circumstances, the designating party shall agree to the filing, pursuant to D.C.COLO.LCivR 7.1 and 7.2, of an "Unopposed Motion Seeking to File Confidential Information Under Seal". The Party seeking to file the Confidential Information shall bear the burden of drafting and coordinating the filing of any such motion. The party seeking to use the Confidential Information (in whatever form) shall comply with D.C.COLO.LCivR 7.2(C) and file the Confidential Information under seal until the motion to seal is decided by the Court. In the event the Court grants the motion, the Confidential Information shall remain under seal; in the event the motion is denied, the Court will allow for the Confidential Information to be placed in the case file and be open to public inspection.

14. **Court Proceedings.** In the event any Confidential Information designated "CONFIDENTIAL" is used in any public court proceedings in the litigation, the Court shall solely and exclusively govern its use in open court. If the disclosing Party seeks to protect against open court dissemination of such information, the disclosing Party shall move the Court for protection pursuant to D.C.COLO.LCivR 7.3. All Parties in possession of the Confidential Information shall work cooperatively with the disclosing Party to take all steps necessary to assist in maintaining the confidentiality designation.

15. **Survival.** The terms of this Order shall survive and remain in full force after the termination of the Litigation and the Court shall have continuing jurisdiction over the Parties, Third Parties, attorneys for the Parties and Third Parties, and all other persons to whom

Confidential Information has been disclosed for the purpose of enforcing the terms of this Order and/or redressing any violation thereof.

16. **Modification**. The Court may, from time to time, amend, revise, or otherwise modify this Order and the requirements and conditions set forth herein as it deems necessary, prudent, or appropriate to satisfy the understanding and intent of the Parties to this Order. Further, nothing herein shall serve to prevent or limit the Parties or Third Parties from moving to modify, amend, revise or augment the terms of this Order or from seeking additional protections pursuant to FED. R. Civ. P. 26(c) at any time.

DATED: February 1, 2008

| | |
|---|---|
| *s/ Joseph S. Goode* | *s/ Leonard h. MacPhee* |
| Joseph S. Goode | Leonard H. MacPhee |
| Kravit, Hovel & Krawczyk S.C. | Perkins Coie, LLP |
| 825 North Jefferson | 1899 Wynkoop Street, Suite 700 |
| Milwaukee, WI 53202-3737 | Denver, CO 80202 |
| 414-271-7100 | 303.291.2300 |
| 414-271-8135 - Facsimile | 303.291.2400 – Facsimile |
| goode@kravitlaw.com | lmacphee@perkinscoie.com |
| | |
| Justin M. Klein | Fredric A. Cohen |
| David S. Paris | Andrew P. Bleiman |
| Marks & Klein, LLP | CHENG COHEN LLC |
| 63 Riverside Avenue | 1101 West Fulton Market, Suite 200 |
| Red Bank, NJ 07701 | Chicago, IL 60601 |
| 732-747-7100 | 312-243-1717 |
| 732-219-0625 – Facsimile | 312-277-3961 – Facsimile |
| justin@marksklein.com | fredric.cohen@chengcohen.com |
| david@marksklein.com | andrew.bleiman@chengcohen.com |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

ENTERED:

Dated: February 5, 2008

[signature]

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

33668-0102/LEGAL13832159.2

# CERTIFICATION – EXHIBIT A

I hereby certify that I have read the attached Stipulation and Protective Order in *Bonanno, et al., v. The Quizno's Franchise Company LLC, et al.*, Case No. 06-cv-02358-WYD-KLM, entered by the Court on December ___, 2007 (the "Order"). With respect to all Confidential Information designated "CONFIDENTIAL" pursuant to the Order, I agree that I will not reveal such information to, or discuss such information with, any person who is not entitled to receive the information in accordance with the Order. I will use such information only for the purposes of facilitating the prosecution or defense of the Litigation and not for any other purpose. I will otherwise keep all Confidential Information designated "CONFIDENTIAL" by a Party or Third Party in accordance with this Order. I agree that the District Court for the District of Colorado, has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose. I will otherwise be bound by the strictures of the Order and hereby invoke all rights thereunder.

Dated: _____

_____
[Print Name]

_____
[Company]

_____
[Street Address]

_____
[City, State, Zip Code]

_____
[Phone]