IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02358-WYD-KLM

RAYMOND BONANNO,
ANTHONY BONANNO,
ROBERT PETER,
RAJAN DESAI,
NISHA DESAI,
ELISA WHITEHALL,
DAJIT PARMAR,
MANJIT PARMAR,
IRVING BROTHMAN,
JOANNE KJOLSEN,
KRISTI LEWIS.
MEGAN MAKKI,
MUKAND MALHI,
PREETINDER MALHI,
ALI NAQBI,
ANDRZEJ SLIWOWSKI,
RICHARD VARRADO,
BARTON CLATT,

    Plaintiff(s),

v.

THE QUIZNO'S FRANCHISE COMPANY, LLC,
QUIZNO'S FRANCHISING, LLC,
QUIZNO'S FRANCHISING II, LLC,
QFA ROYALTIES, LLC.,
RICHARD E. SCHADEN,
RICHARD F. SCHADEN,
TQCS LLC,

    Defendant(s).
_____

**MINUTE ORDER**

_____
**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on nonparty Jonathan Lee Riches' **Motion for Reconsideration & Clarification, Motion to Intervene as Plaintiff Under Fed. R. Civ. P. 24(a)(2), 24(b), Motion to Amend Complaint** [Docket No. 198; Filed July 29, 2008] (the "Motion").

IT IS HEREBY **ORDERED** that the Motion is **DENIED**. First, a review of the voluminous docket in this case does not reveal that Mr. Riches has previously sought to intervene in this case. To the extent that he seeks reconsideration of an order, it is not clear to which order, if any, he refers. Second, a request to intervene must be timely, "must be served on the parties as provided in Rule 5[,] . . . state the grounds for intervention, and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(b) & (c). Mr. Riches' Motion wholly fails to satisfy the requirements of Rule 24 or Rule 5. Third, to the extent that the Motion seeks permission to amend the complaint in this matter, it is improper. Fed. R. Civ. P. 15(a) only authorizes *parties* to seek leave to amend the complaint.

Dated: July 31, 2008